# Commonwealth v. Schmitt

*George Piersol Murry, Jr.,* for Commonwealth.
*Harry J. Schmitt,* for defendant.

GARDNER, J., October 25, 1932.—This is an appeal from the suspension of the operating privilege of the defendant by the Secretary of Revenue, said appeal being brought under section 616 of the Act of May 1, 1929, P. L. 905, as amended by the Act of June 22, 1931, P. L. 751, commonly known as The Vehicle Code.

On April 4, 1932, at about 10: 30 p. m. the defendant was driving his automobile eastwardly on the Freeport Road between Aspinwall and Blawnox at the rate of between 35 and 40 miles an hour. The road at that point is a three-way road, approximately 30 feet wide. The driver was driving with his right-hand wheel about two feet from the edge of the concrete road. For some distance immediately west of the scene of the accident there is a wide open space on the southerly side of the road where there are several barbecue stands. Just about the point where the accident happened the berm narrows down to about three feet in width. Three pedestrians were proceeding eastwardly in the same direction in which the automobile driven by the defendant was proceeding, walking abreast. When they came to the place where the berm narrows down the pedestrian walking nearest to the concrete road stepped out on the road and had taken about four steps when he was struck by the automobile driven by the defendant. The defendant upon seeing this object appear suddenly before him attempted to swerve his car to the left but did not succeed in clearing the pedestrian, the right fender striking him and causing injuries which caused his death a few days later.

A coroner's inquest was held at which the defendant was exonerated from all blame. A hearing was held before a representative of the Secretary of Revenue of the Commonwealth, and following said hearing the defendant's operating privilege was suspended for a period of 30 days, whereupon this appeal was taken.

Section 614 of the amended act provides that the secretary shall forthwith revoke, for a period of one year from the date of revocation, the operating privilege of any person, upon receiving a certified record from the clerk of the court of proceedings in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a jury, of certain crimes therein mentioned.

Subsection (*a*) of section 615 provides that the secretary may suspend the operating privilege of any person, with or without a hearing before the secretary or his representative, upon receiving a record of proceedings, if any, in which such person pleaded guilty, entered a plea of nolo contendere, or was found guilty by a jury, whenever the secretary finds upon sufficient evidence certain matters therein set forth, including in paragraph 3, "That such person has been convicted of manslaughter resulting from the operation of a motor vehicle."

Subsection (*b*) of section 615 provides:

"The secretary may suspend the operator's license or learner's permit of any person, after a hearing before the secretary or his representative, or upon failure of the said person to appear at such hearing, whenever the secretary finds upon sufficient evidence . . .

"4. That such person was operating any motor vehicle involved in an accident resulting fatally to any person."

Section 616 provides:

"Any person, whose operator's license or learner's permit has been suspended by the secretary under the provisions of this act, shall have the right to file a petition, within thirty (30) days thereafter, for a hearing in the matter in the court of common pleas of the county in which the operator or permittee resides; and such court is hereby vested with jurisdiction, and it shall be its duty, to set the matter down for hearing upon thirty (30) days' written notice to the secretary, and thereupon to take testimony and examine into the facts of the case, and to determine whether the petitioner is subject to suspension of operator's license or learner's permit under the provisions of this act."

The hearing before the court upon appeal provided in section 616 is a hearing de novo.

The defendant's operating privilege was suspended by the secretary under subsection (*b*), paragraph 4, of section 615, on the ground that he was operating a motor vehicle involved in an accident resulting fatally to a person.

It is not mandatory upon the secretary under the act to suspend the operating privilege even upon the operator's conviction of manslaughter, as the act provides that the secretary may suspend the operating privilege for such cause, with or without hearing.

Under paragraph 4 of subsection (*b*) it is provided that the secretary may suspend the operating privilege after a hearing whenever he finds upon sufficient evidence that such person was operating any motor vehicle in an accident resulting fatally to any person.

It is evident that the legislature intended that the secretary should make some inquiry into the circumstances surrounding the fatal accident to determine whether or not there was any culpability on the part of the operator, because under subsection (*a*) of section 615 it is not mandatory upon the secretary to suspend the operating license even though there has been a conviction of manslaughter. It was, therefore, clearly not intended that the inquiry under paragraph 4 of subsection (*b*) of section 615 should be limited to whether or not there was a fatal accident and whether the defendant was operating a motor vehicle involved therein. Having examined into the circumstances surrounding the fatal accident, the secretary may then suspend or not depending upon whether or not the operator is to blame for the fatality.

There are many fatal accidents in collisions between motor vehicles where the driver of one car is in no way to blame. There are also many fatal accidents where a motor vehicle is involved which are entirely unavoidable; as when there is a sudden skid through no fault of the driver. There are many fatal accidents

to a pedestrian, as when he suddenly steps out in front of a motor vehicle and is struck, without any fault of the driver.

To penalize an operator because the operator was unfortunate enough to be involved in a fatal accident through no fault of his own would work a great injustice. For the secretary to act arbitrarily, without consideration of whether or not the operator is culpable, might also work an injustice. It, therefore, seems clear that the inquiry contemplated by the legislature is as to the culpability of the driver.

Judged by this standard, we are unable to see how any blame can be attached to the defendant in this case, as the circumstances show it to have been an unavoidable accident.

For this reason, the action of the secretary in suspending the operating privilege of the defendant is reversed.

### Order

And now, to wit, October 25, 1932, the action of the Secretary of Revenue of the State of Pennsylvania in suspending the operating privilege of the defendant is reversed and the operating privilege of the defendant is reinstated.

From William J. Aiken, Pittsburgh, Pa.